IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SCOTT N. JOHNSON,

    Plaintiff,          No. 2:07-cv-2470 WBS JFM

vs.

PAULETTE A. REISSMAN,[1]

    Defendant.          FINDINGS AND RECOMMENDATIONS

/

        Plaintiff's motion for default judgment came on regularly for hearing November 12, 2009. Plaintiff appeared in propria person. There was no appearance for defendant Paulette A. Reissman, the sole remaining defendant herein. Upon review of the motion and the documents in support, upon hearing the arguments of plaintiff and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        The complaint in this matter was served upon defendant Paulette A. Reissman (hereafter "Reissman") on November 30, 2007, and proof of service was filed September 15, 2009. Cf. Pacific Atlantic Trading Co. v. M/V Main Express, 758 F.2d 1325, 1331 (9th Cir. 1985) (noting that default judgment void without personal jurisdiction). The Clerk of the Court entered default against defendant Reissman on September 16, 2009. Plaintiff's present motion for entry of default judgment was served by mail on defendant Reissman.

---

[1] Defendant Juan A. Miranda was voluntarily dismissed on September 21, 2009.

1

1    Entry of default effects an admission of all well-pleaded allegations of the
2    complaint by the defaulted party. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir.
3    1977). Entry of default judgment is proper where, as in the present case, the facts established by
4    the default support the causes of action pled in the complaint.  The complaint and the affidavits
5    filed in support of the motion for entry of default judgment also support the finding that plaintiff
6    is entitled to the relief requested in the prayer for default judgment, which does not differ in kind
7    from the relief requested in the complaint. Henry v. Sneiders, 490 F.2d 315, 317 & n.2 (9th Cir.
8    1974). There are no policy considerations to preclude the entry of default judgment of the type
9    requested. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (enumerating factors to
10   be considered).

11   Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's October 15, 2009
12   motion for entry of default judgment (#19, 21) be GRANTED and that judgment be awarded
13   against defendant Reissman in the amount of $8,000.00.[2]  Further, that injunctive relief be
14   granted against defendant Reissman requiring a properly-configured van accessible disabled
15   parking space with an accessible route to an accessible entrance, and compliant bathroom door
16   hardware along with compliant height and locations for the grab bars and all restroom fixtures,
17   all in conformity with the Americans with Disabilities Act Accessibility Guidelines (ADAAG) as
18   set forth in 28 Code of Federal Regulations, Part 36.

19   These findings and recommendations are submitted to the United States District
20   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten
21   days after being served with these findings and recommendations, any party may file written
22   objections with the court and serve a copy on all parties.  Such a document should be captioned
23   "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that

---

[2] In his complaint, plaintiff alleges three actual and five foregone visits to the subject property. However, in his motion for default judgment, plaintiff only seeks $8000.00 for two actual visits to the property. (Motion at 3.)

1  failure to file objections within the specified time may waive the right to appeal the District
2  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
3  DATED:  November 12, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

001; john2470.def